IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY M. HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09CV1026-MEF |
| | ) | |
| JEB BLACKWELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on the plaintiff's motion for leave to proceed *in forma pauperis*, filed November 9, 2009 (Doc. # 2).

The court wishes the plaintiff to understand fully the limited nature of being allowed to proceed *in forma pauperis,* which only permits the plaintiff to commence this suit without prepayment of fees and court costs. The plaintiff should understand he may incur expenses as a result of the prosecution of this case. In the event of a trial, the plaintiff may compel the attendance of witnesses through subpoena only by tendering to each witness payment of a one-day witness fee plus mileage. Also, court costs, which vary, but which can be very substantial, are normally assessed against the losing party. This means that a plaintiff who loses a case, even though proceeding *in forma pauperis*, may be charged with, and obligated to pay, all court costs.

Now, having advised the plaintiff of the possible expense of litigation, the court ORDERS that the motion for leave to proceed *in forma pauperis* is hereby GRANTED.

Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate as to the individual defendant, Jeb Blackwell under 28 U.S.C. § 1915(e)(2)(B).[1] Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, asserting claims of discrimination on the basis of race. In the style of his complaint, he lists South Alabama Regional Airport and Jeb Blackwell as defendants; in paragraph 2 of the complaint – which provides a space for listing the name(s) of the defendants, plaintiff lists only Blackwell. The docket clerk spoke with plaintiff by telephone to clarify who he intended to sue in this action. Plaintiff responded that he sues only Blackwell and listed the airport in the style as Blackwell's address. However, Title VII does not provide a cause of action against individuals. "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Accordingly, plaintiff's Title VII claims against Blackwell are due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's claims be DISMISSED as to the individual defendant, Jeb Blackwell.

Additionally, it is ORDERED that, if plaintiff wishes to file an amended complaint

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

naming his employer as the defendant, he may do so on or before **December 4, 2009.** Plaintiff is advised that if he fails to amend his complaint within the time allowed by the court, this action may be dismissed.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before **December 7, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 23rd day of November, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE